Matter of Soto v Jimenez (2026 NY Slip Op 01793)

Matter of Soto v Jimenez

2026 NY Slip Op 01793

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-02021
 (Docket No. V-27637-17/21A)

[*1]In the Matter of Janice C. Soto, appellant, 
vManuel A. Jimenez, Jr., respondent.

Robin Stone Einbinder, Flushing, NY, for appellant.
Levitsky Law Firm PLLC, New York, NY (Joanna Zieba of counsel), for respondent.
Denise S. Siler, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated January 24, 2025. The order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was to modify an order of the same court dated January 2, 2018, so as to award her physical custody of the parties' child.
ORDERED that the order dated January 24, 2025, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married to each other, share one child, born in New York in 2017. In an order dated January 2, 2018 (hereinafter the initial custody order), entered upon the parties' consent, the Family Court awarded the father sole legal and physical custody of the child, with parental access to the mother. Later in January 2018, the parties relocated with the child to Virginia, where they resided together.
In January 2021, the father moved with the child back to New York, and the mother remained in Virginia. On January 23, 2021, the mother filed a petition, inter alia, to modify the initial custody order so as to award her physical custody of the child. After a hearing, in an order dated January 24, 2025, the Family Court, among other things, denied that branch of the mother's petition. The mother appeals.
Contrary to the mother's contention, the Family Court properly exercised subject matter jurisdiction over her petition (see Domestic Relations Law § 76-a[1]; cf. Matter of Cirillo v Grullon, 237 AD3d 1195, 1196).
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Jones v Jones, 231 AD3d 829, 830 [internal quotation marks omitted]). "'The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances'" (Matter of Smisek v DeSantis, 239 AD3d 867, 868, quoting Matter [*2]of Martinez v Gaddy, 223 AD3d 816, 817). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, . . . the effect an award of custody to one parent might have on the child's relationship with the other parent," and "[s]tability and continuity in [the] child's life" (Matter of El-Sayegh v Saadini, 245 AD3d 939, 940 [internal quotation marks omitted]; see Matter of Martinez v Gaddy, 223 AD3d at 817). "'Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record'" (Matter of Acevedo v Cassidy, 236 AD3d 645, 647, quoting Matter of Tucios v Cordero, 173 AD3d 1048, 1049).
Here, the father's relocation with the child from Virginia back to New York constituted a change in circumstances. The Family Court's determination that it was in the child's best interests to deny that branch of the mother's petition which was to modify the initial custody order so as to award her physical custody of the child had a sound and substantial basis in the record and, therefore, should not be disturbed (see Matter of El-Sayegh v Saadini, 245 AD3d at 940-941; Matter of Dapp v Shtaynberger, 240 AD3d 891, 892; Matter of Acevedo v Cassidy, 236 AD3d at 647).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court